UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-519 MJD/RLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUDITH ALLEMAN-RASLEY,<br><br>Defendant,<br><br>OAKRIDGE HOMES,<br><br>Garnishee. | ) | AGREED FINAL ORDER<br>IN GARNISHMENT |

The parties, the United States of America, the defendant Judith Rasley, and the garnishee Oakridge Homes, agree and stipulate as follows:

1. The defendant resides at 510 N.W. 6th Avenue, Grand Rapids, MN 55744, and has a social security number of 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.

2. A judgment was entered against the defendant in this action in the amount of $5,167.51 plus interest at the rate of 3.70%, penalties and costs. A total balance due on the judgment is $5,541.11 as of January 7, 2004.

3. The garnishee, whose address is 1021 Industrial Park Road, Brainerd, MN 56401, has in its possession, custody or control, property of the defendant in the form of wages paid to the defendant.

4. The defendant waives her right to a hearing under Section 3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205 and any other process to which the defendant may

be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that her wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt wages of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the total sum of $50.00 per pay period, which shall be withheld from the wages owed to the defendant.

8. These sums are to be applied upon the judgment rendered in this case. These payments are continuing. However, after a period of one year the defendant shall submit additional financial information to the plaintiff, and the agreed garnishment amount may be increased.

9. Checks should be made payable to the Department of Justice and mailed to 300 South Fourth Street, Room 600, Minneapolis, Minnesota 55415.

10. The plaintiff may pursue administrating offsets, including those by the Internal Revenue Service and the defendant specifically consents to the offset. Any payments applied to this

claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

11. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: March 1, 2004

THOMAS B. HEFFELFINGER
United States Attorney

M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 2-18-04

Judith Rasley
Judith Alleman Rasley
Defendant

Dated: 2/23/04

Oakridge Homes
Garnishee

IT IS SO ORDERED.

Dated: 3/4/04

Raymond C Erickson
Magistrate Judge, United States District Court